IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:06CR3180 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| MICKIE GENE WEPPNER, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report and addendum in this case. Except for the objections by the government and the defendant as to the drug quantity (filings 45 and 46), in which both parties argue that the base offense level should be 32 rather than 34, there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The objections as to drug quantity will be taken up at sentencing. In that regard:

A. The parties are advised that I do not construe the plea agreement to be a binding plea agreement pursuant to Rule 11(c)(1)(C). In other words, even if I adopt the plea agreement, I understand that I am not bound to accept the parties' base offense level agreement. If the parties believe otherwise, they should advise me at the time of sentencing and prior to my consideration of the plea agreement.

B. The probation officer relied on admissions by the defendant. That seems reasonable to me. If the parties think otherwise, they should have a convincing reason. In that regard, they may wish to submit the disputed statements to me beforehand so that I might review.

(3) Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence

report may be adopted and relied upon by me without more.

    (6)    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

June 12, 2007.                      BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        United States District Judge